UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CRYSTAL MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-3070 |
| ) | |
| LATOYA HUGHES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW ORDER – AMENDED COMPLAINT**

Plaintiff, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging her constitutional rights were violated while she was incarcerated at Logan Correctional Center ("Logan"). This case is before the Court for a merit review of Plaintiff's Amended Complaint. (Doc. 9). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Amended Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

**ALLEGATIONS**

Plaintiff files suit against current Illinois Department of Corrections ("IDOC") Director Latoya Hughes, former IDOC Director Rob Jeffreys, Correctional Officer Salami, Internal Affairs

Lieutenants Lorenzo and McGinnis, State Investigator John Doe, Assistant Warden Long, and Wardens Jean Marie Case and Eddy.

Plaintiff alleges Defendant Salami sexually harassed and assaulted her. On multiple occasions since her arrival at Logan in 2021, Defendant Salami made lewd and "sexual comments about [Plaintiff's] body and remarks about what he wants to do with [her]." (Doc. 9 at p. 5). When Plaintiff encountered Defendant Salami while walking to the bathroom, he allegedly asked her when she was "going to give him the pussy." *Id.* at p. 6. Plaintiff alleges Defendant Salami threatened to write her a false ticket and place her in segregation if she did not comply. Plaintiff also alleges Defendant Salami touched and fondled her.

On December 20, 2022, while inside a closet, Defendant Salami allegedly inserted two fingers inside of Plaintiff, "harshly" kissed her, and stuck his tongue in her mouth. *Id.*

At approximately 4:00 a.m. on July 12, 2023, Defendant Salami allegedly entered Plaintiff's cell while she was asleep and inserted his fingers into her vagina. Plaintiff yelled, and her cellmates woke up. Defendant Salami then falsely stated he was waking Plaintiff up to go to the chow hall.

On July 13, 2023, Plaintiff spoke with mental health professional ("MHP") Kennedy, who helped Plaintiff filed a PREA complaint. Plaintiff was taken to Internal Affairs, where she reported Defendant Salami's misconduct to Defendants Lorenzo and McGinnis. Plaintiff alleges Defendants Lorenzo and McGinnis did not take her complaints seriously, a proper investigation was not conducted, and she never received a complete PREA report from the warden.

Plaintiff alleges she was retaliated against for filing a PREA complaint. Specifically, she alleges that Defendants Case, Eddy, Long, Hughes, Jeffreys, McGinnis, Lorenzo, and John Doe "took away [her] programming, housing, religious services, job opportunities, law library access

2

… and confined [her] to a cell to eat [her] meals cold … and threw [her] in involuntary P.C.…." *Id.* at pp. 8-9.

Plaintiff alleges other inmates have filed multiple PREA complaints against Defendant Salami, but "prison officials are turning a blind eye and refusing to do anything…." *Id.* at p. 8.

Due to the sexual harassment and assaults, Plaintiff alleges she has experienced mental and emotional distress, including depression, PTSD, anxiety, and panic attacks.

## ANALYSIS

Plaintiff alleges Defendant Salami sexually harassed and assaulted her on multiple occasions. Although "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment," "some does," such as pervasive verbal sexual harassment that causes "severe psychological harm" and "increase[s] the likelihood of sexual assaults on [the plaintiff] by other inmates." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). The Eighth Amendment prohibits "unnecessary and wanton infliction of pain, thus forbidding punishment that is 'so totally without penological justification that it results in the gratuitous infliction of suffering.'" *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Where prison officials harass or touch an inmate in a "manner intended to humiliate and inflict psychological pain," such conduct may constitute cruel and unusual punishment under the Eighth Amendment, even if no serious physical injury results. *Id.*; *Beal*, 803 F.3d at 358 (explaining the alleged pain sufficient to constitute an Eighth Amendment violation may be physical or psychological); *Lieberman v. Budz*, No. 00 C 5662, 2013 WL 157200, at *14 (N.D. Ill. Jan. 15, 2013) (stating "the right of a prisoner or detainee to be free from sexual harassment" is clearly established, including the right "not to be groped for sexual reasons"); *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) ("An unwanted touching of a person's

private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the 'force' exerted by the assailant is significant."). Here, the Court finds Plaintiff sufficiently alleged that Defendant Salami violated her constitutional rights by sexually harassing and assaulting her. Plaintiff may proceed on an Eighth Amendment claim against Defendant Salami.

Plaintiff alleges that Defendants were on notice of Defendant Salami's misconduct due to multiple other incidents and PREA complaints filed by other inmates. Plaintiff alleges that Defendants Hughes, Jeffreys, Case, Eddy, Long, Lorenzo, McGinnis, and John Doe knew about the assaults and "all turned a blind eye," which caused the violation of Plaintiff's constitutional rights. (Doc. 9 at p. 8). In prohibiting "cruel and unusual punishment," the Eighth Amendment further requires that prison officials "take reasonable measures to guarantee the safety" of the prisoners in their care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

A claim of deliberate indifference includes two elements. First, "the harm to which the prisoner was exposed must be an objectively serious one." *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). Second, considered subjectively, the official must have had "actual, and not merely constructive, knowledge of the risk" of harm and disregarded that risk all the same. *Id.* On this element, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Individual liability under section 1983 requires personal involvement in the constitutional deprivation. *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022). To establish personal liability under section 1983, a plaintiff must show that the official "caused the constitutional

4

deprivation at issue or acquiesced in some demonstrable way in the alleged constitutional violation." *Id.* "[I]f a plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding and pervasive or noted by prison officials in the past, and a defendant has been exposed to information regarding the risk, then the evidence could be sufficient to permit a trier of fact to find that the official in fact had actual knowledge." *Mayoral v. Sheahan*, 245 F.3d 934, 938–39 (7th Cir. 2001). Here, the allegations against Defendants Hughes, Jeffreys, Case, Eddy, Long, Lorenzo, McGinnis, and John Doe are too vague to state a claim for deliberate indifference and do not demonstrate that Defendants knew of a substantial risk of harm to Plaintiff and failed to act in disregard of that risk. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

After she filed a PREA complaint, Plaintiff alleges she was retaliated against and punished for reporting the sexual assaults and harassment. To establish a First Amendment retaliation claim, Plaintiff must allege that "(1) [she] engaged in activity protected by the First Amendment; (2) [she] suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating fact in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Plaintiff engaged in First Amendment speech when she made a complaint pursuant to PREA. *See Coonce v. Martin*, No. 3:21-CV-60-JD-MGG, 2021 WL 2686420, at *1 (N.D. Ind. June 30, 2021). Plaintiff alleges "they took away [her] programming, housing, religious services, job opportunities, law library access … and confined [her] to a cell to eat [her] meals cold … and threw [her] in involuntary P.C…" (Doc. 9 at pp. 8-9). However, Plaintiff does sufficiently allege how each Defendant was personally involved in violating her First Amendment rights. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987,

5

991 (7th Cir. 1996). Moreover, Plaintiff cannot sue Directors Hughes and Jeffreys and Wardens Long, Eddy, and Case just because they are in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff claims she reported Defendant Salami's misconduct by filing a PREA complaint and reporting his actions to Defendants McGinnis and Lorenzo, but a complete investigation was not conducted. Plaintiff names State Investigator John Doe as a Defendant, but she does not include sufficient allegations to establish a constitutional claim. PREA does not provide a private right of action. *Sims v. Doe*, No. 118CV02394TWPMPB, 2018 WL 4027632, at *2 (S.D. Ind. Aug. 22, 2018) (collecting cases); *Coonce*, 2021 WL 2686420, at *1 (N.D. Ind. June 30, 2021) (plaintiff cannot state a claim against officer for sexually inappropriate comments or failure to appropriately investigate PREA complaint because PREA does not provide private right of action); *Byrd v. Smith*, No. 220CV00504JPHDLP, 2021 WL 1696391, at *5 (S.D. Ind. April 29, 2021) ("any claim based on a PREA violation is dismissed for failure to state a claim upon which relief may be granted.").

Defendants Hughes, Jeffreys, Case, Eddy, Long, Lorenzo, McGinnis, and John Doe are dismissed without prejudice for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

**MOTION TO REQUEST COUNSEL**

Plaintiff also filed a Motion to Request Counsel asking the Court to appoint counsel to represent her. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Demonstrating a reasonable attempt to obtain counsel is "a mandatory,

threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017)). Plaintiff states she received many letters from attorneys who declined to represent her, but she sent the letters home and is waiting for her family to return them to her. The Court finds that Plaintiff has not demonstrated a reasonable attempt to obtain counsel. Plaintiff's Motion is denied with leave to renew. If Plaintiff renews her motion, she must include a list of the attorneys or law firms she contacted and/or copies of letters she sent to or received from counsel.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915 A, this case shall proceed solely on an Eighth Amendment claim against Defendant Salami for allegedly sexually harassing and assaulting Plaintiff at Logan Correctional Center. All other claims are dismissed and will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of Court pursuant to Federal Rule of Civil Procedure 15.

2) Defendants Latoya Hughes, Rob Jeffreys, Lorenzo, McGinnis, Jean Marie Case, Eddy, Long, and John Doe are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE these Defendants.

3) Plaintiff's Motion to Request Counsel [4] is DENIED with leave to renew.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion

or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail her discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:   3/25/2024

                                                s/ James E. Shadid
                                                James E. Shadid
                                                United States District Judge